## FIRST NATIONAL BANK OF PITSBURG, OHIO, IN RE LIQUIDATION OF

Ohio Appeals, 2nd Dist, Darke Co

No 553. Decided March 27, 1939

Paul W. Rion, Dayton, T. M. Gavin, Dayton, for appellant.

Murphy & Staley, Greenville, for appellee.

## OPINION

BY THE COURT:

This is an application of H. H. Spitler by his new attorneys for a rehearing in this action upon which the Court rendered a decision on March 6th, 1939. The application recites five grounds, in substance, that the Court has not taken into consideration certain matters relating to the time of the assignment of the assets of the First National Bank of Pitsburg to the First Farmers National Bank of Arcanum, and further failed to take into consideration the date on which the said Spitler mortgaged and sold certain property.

Grounds Nos. 4 and 5 relate to new evidence which Spitler claims to have and which he desires to present to this Court.

This cause came before us upon appeal on questions of law and a bill of exceptions was properly filed, upon consideration of which the Court rendered its opinion. No new evidence can be taken in this case as it is not appealed on question of law and fact, giving the court a right to hear de novo the matters involved.

The Court is unable to see that the dates drawn to the Court's attention can possibly have anything to do with the matters before the Court, and if such be the fact it can be presented before the Court to which the cause is remanded. This Court concluded its opinion with the following statement: "The matter now stands that there is a suit or possibly a judgment against Spitler for $1400.00. If the liquidating agent can recover from Spitler the portion which remains unpaid he may make proper distribution thereof." The matters asserted in this application for rehearing may possibly be pertinent but can not be considered by this court. We would suggest that counsel read the case of Everard v Kroeger, Supt., re-

ported in the Bar Association Report of March 13, 1939. The matter of stockholders' double liability is there discussed at length and the conclusions arrived at would seem to make the allegations in the application for rehearing irrelevant. Application for rehearing denied.

HORNBECK, PJ., GEIGER & BARNES, JJ, concur.